# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM.NVDC LLC, a foreign Limited Liability Company; PRIME NOW LLC, a foreign Limited Liability Company; GOLDEN STATE FC LLC, a foreign Limited Liability Company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANDREA NOFLIN, an individual, and all other similarly situated employees

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**06/29/2018** at 12:00:16 PM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Orange County Superior Court<br>751 West Santa Ana Boulevard<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Núm del Caso):* 30-2018-01002700-CU-OE-CXC<br>— Judge Randall J. Sherman |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Omid Nosrati, Esq. (SBN 216350) 1875 Century Park East, 6th Floor, Los Angeles, CA 90067, 310.553.5630

DATE: 06/29/2018   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by _____, Deputy
*(Fecha)*   *(Secretario)*   Georgina Ramirez   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PRIME NOW LLC, A FOREIGN Limited Liability Company
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☒ by personal delivery on *(date):* 7/10/18

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

**EXHIBIT A, PAGE 15**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT A, PAGE 16

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

### Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. Oct. 2014)                                    Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):*                  Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
　　　☐ Under section 1141.11 of the Code of Civil Procedure
　　　☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver (FW-003)* on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____      _____
　　　　　　　　　　　　　　　(SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
　　　　　　　　　　　　　　　(SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                      California Rules of Court, rule 3.221
L1270 (Rev. July 2014)

**EXHIBIT A, PAGE 20**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Omid Nosrati, Esq. (SBN 216350)<br>The Law Office of Omid Nosrati<br>1875 Century Park East, 6th Floor<br>Los Angeles, CA 90067<br>TELEPHONE NO: (310) 553-5630    FAX NO: (310) 553-5691<br>ATTORNEY FOR (Name): Plaintiff, ANDREA NOFLIN, et al. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**06/29/2018** at 12:00:16 PM<br>Clerk of the Superior Court<br>By Georgina Ramirez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 751 West Santa Ana Boulevard
MAILING ADDRESS: 751 West Santa Ana Boulevard
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Noflin, et al. v. Amazon.com.NVDC LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2018-01002700-CU-OE-CXC |
| | | | | JUDGE: Judge Randall J. Sherman |
| | | | | DEPT: CX-105 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):*  Five (5)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  06-29-18

Omid Nosrati, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**EXHIBIT A, PAGE 22**

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

06/29/2018 at 12:00:16 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1
2
3
4
5
6
7

THE LAW OFFICE OF OMID NOSRATI
Omid Nosrati, Esq. (SBN 216350)
Tatiana Avakian, Esq. (SBN 298970)
1875 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (310) 553-5630
Facsimile: (310) 553-5691
Email: omid@nosratilaw.com
Email: tatiana@nosratilaw.com

Attorneys for Plaintiffs,
ANDREA NOFLIN and the CLASS

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF ORANGE

10

CIVIL COMPLEX CENTER, UNLIMITED JURISDICTION

| | |
|---|---|
| 11 ANDREA NOFLIN, an individual, and all other similarly situated employees; | Case No.   30-2018-01002700-CU-OE-CXC |
| 12 | |
| 13    Plaintiff, | **CLASS ACTION** COMPLAINT FOR: |
| 14    vs. | 1. Failure to Provide Rest and Meal Periods [Labor Code §512] |
| 15 AMAZON.COM.NVDC LLC, a foreign Limited Liability Company; PRIME NOW LLC, a foreign | 2. Failure to Pay All Earned Wages and Overtime [Labor Code §§201, 204, 510] |
| 16 Limited Liability Company; GOLDEN STATE FC LLC, a foreign Limited Liability Company; | 3. Failure to Provide Accurate Itemized Statement [Labor Code §226] |
| 17 and DOES 1 through 50, inclusive; | 4. Waiting Time Penalties [Labor Code §203] |
| 18    Defendants. | 5. Unfair Business Practices [Business & Professions Code § 17200, et seq.] |
| 19 | |
| 20 | DEMAND FOR JURY TRIAL |
| 21 | |
| 22 | Judge Randall J. Sherman |
| 23 | CX-105 |

24
25   Plaintiff ANDREA NOFLIN, by her undersigned attorneys, on behalf of herself, on behalf of
26   all others similarly situated, in an action against Defendants AMAZON.COM.NVDC LLC, a foreign
27   Limited Liability Company, PRIME NOW LLC, a foreign Limited Liability Company, GOLDEN
28

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

– 1 –
COMPLAINT

STATE FC LLC, a foreign Limited Liability Company, and DOES 1 through 50, inclusive, alleges as follows:

## I.

## PARTIES

1.    At all times relevant for purposes of this Complaint, Plaintiff, ANDREA NOFLIN ("Plaintiff") has been a resident of the State of California.

2.    Plaintiff is informed and believes, and thereon alleges that at all times relevant for purposes of this Complaint, Defendant, AMAZON.COM.NVDC LLC, a foreign Limited Liability Company, was doing business in the State of California.

3.    Plaintiff is informed and believes, and thereon alleges that at all times relevant for purposes of this Complaint, Defendant, PRIME NOW LLC, a foreign Limited Liability Company, was doing business in the State of California.

4.    Plaintiff is informed and believes, and thereon alleges that at all times relevant for purposes of this Complaint, Defendant, GOLDEN STATE FC LLC, a foreign Limited Liability Company, was doing business in the State of California.

5.    Defendants AMAZON.COM.NVDC LLC, PRIME NOW LLC, and GOLDEN STATE FC LLC are collectively referred to as "AMAZON."

6.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 50, inclusive, and therefore sues Defendants by such fictitious names. Defendants DOES 1 through 50, at all times relevant for purposes of this Complaint were employees, agents, officers and/or members of the board of directors of Defendants.  Plaintiff will amend this complaint to allege the true names and capacities of the Defendants designated herein as DOES 1 through 50, inclusive, when they have been ascertained.

7.    Plaintiff is informed and believes, and on that basis alleges, that Defendants designated herein as DOES 1 through 50, inclusive, are responsible in some manner for the acts, events and occurrences alleged herein, and caused or contributed to the damages sustained by

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

EXHIBIT A, PAGE 24

Plaintiff.

8.      Plaintiff is informed and believes, and on that basis alleges, that at all times relevant for purposes of this Complaint, the Defendants designated herein as DOES 1 through 50, inclusive, acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously-named Defendants. Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter alleged, and said acts and conduct were ratified and approved by each Defendant.

9.      This court has jurisdiction to hear both statutory and common law claims against Defendant and DOES 1 through 50.

## II.

## CLASS ACTION ALLEGATIONS

10.      This action is brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure section 382.

10.1      Plaintiff reserves the right under Rule 1855 (b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

10.2      Pursuant to section 382 of the Code of Civil Procedure, this action qualifies as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

10.3      Class Definition. The Class the Plaintiff represents is compromised of the following categories:

a.      All current and former employees of Defendants who worked in the State of California ("Class Complainants") who were not provided with duty-free first meal periods and who were not paid one additional hour of pay at the employee's regular rate for each day that a duty-free first meal period was not provided, from June 29, 2014 to the final disposition of this action (the "Class Period");

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A, CA 90067

b.      All current and former employees of Defendants who worked in the State of California ("Class Complainants") who were not provided first meal periods by the end of the fifth hour of work, and who were not paid one additional hour of pay at the employee's regular rate for each day that a duty-free first meal period was not timely provided, from June 29, 2014 to the final disposition of this action (the "Class Period");

c.      All current and former employees of Defendants who worked in the State of California ("Class Complainants") who were not provided second meal periods when working in excess of 10 hours in a day, and who were not paid one additional hour of pay at the employee's regular rate for each day that a second meal period was not provided, from June 29, 2014 to the final disposition of this action (the "Class Period");

d.      All current and former employees of Defendants who worked in the State of California ("Class Complainants") who were not provided with duty-free rest periods and who were not paid one additional hour of pay at the employee's regular rate for each day that a rest period was not provided, from June 29, 2014 to the final disposition of this action (the "Class Period");

e.      All current and former employees of Defendants who worked in the State of California ("Class Complainants") who worked off-the-clock and therefore, were not paid for all hours worked, including any overtime compensation owed for hours worked in excess of 8 hours each day or 40 hours in each week, as well as any double-time compensation owed for hours worked in excess of 12 hours each day, from June 29, 2014 to the final disposition of this action (the "Class Period").

10.4    Numerosity. The Class is estimated to include hundreds of current and former employees of Defendants who worked in the State of California.  The members of the Class are so numerous that joinder of all members is impracticable.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

10.5    Commonality. There are numerous questions of law or fact common to Plaintiff and the Class members.  These questions include, but are not limited to, the following:

10.5.1  Whether Defendants have engaged in a common course of failing to provide

– 4 –
COMPLAINT

duty-free first meal periods and whether Defendants failed to pay one additional hour of pay at the employee's regular rate for each day that a duty-free first meal period was not provided;

10.5.2  Whether Defendants have engaged in a common course of failing to provide first meal periods by the end of the fifth hour of work, and whether Defendants failed to pay one additional hour of pay at the employee's regular rate for each day that a timely first meal period was not provided;

10.5.3  Whether Defendants have engaged in a common course of failing to provide second meal periods to Plaintiff and other employees when working in excess of 10 hours in a shift, and whether Defendants failed to pay one additional hour of pay at the employee's regular rate for each day that a second meal period was not provided;

10.5.4  Whether Defendants have engaged in a common course of failing to provide duty-free rest periods and whether Defendants failed to pay one additional hour of pay at the employee's regular rate for each day that a rest period was not provided;

10.5.5  Whether Defendants have engaged in a common course of failing to pay for all wages earned (i.e., as a result of off-the-clock work), including overtime compensation for all hours worked in excess of 8 hours in a day and/or 40 hours in a week, as well as double-time compensation for all hours worked in excess of 12 hours in a day;

10.5.6  Whether Defendants have engaged in a common course of failing to furnish Plaintiff and the Class accurate itemized wage statements;

10.5.7  Whether Defendants have engaged in a common course of failing to provide Plaintiff and other former employees with all wages upon separation;

10.5.8  The nature and extent of class-wide injury and the measure of compensation for such injury.

10.6    <u>Typicality</u>. The claims of the representative Plaintiff are typical of the claims of the Class Complainants.  Plaintiff is a former employee of Defendants and is a member of the proposed

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

– 5 –
COMPLAINT

EXHIBIT A, PAGE 27

Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

10.7  <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel with experience in class action litigation, including employment law.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor her counsel has interests that are contrary to or that conflict with those of the proposed Class.

10.8  <u>Predominance</u>. Defendants have engaged in a common course of wage and hour violations toward Plaintiff and members of the Class in that Defendants willfully failed to provide duty-free first meal periods, failed to provide timely first meal periods by the end of the fifth hour of work, failed to provide second meal periods, failed to provide duty-free rest periods, failed to pay Plaintiff and the Class for all wages (i.e., as a result of working off-the-clock through their meal and rest periods), including overtime and double-time compensation earned, failed to provide accurate itemized statements, and failed to provide those wages to former employees upon their separation.

A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, the cost to the court system of adjudication of such individualized litigation would be substantial.  Individualized litigation could also present the potential for inconsistent or contradictory judgments.

<b><u>SUMMARY OF FACTUAL ALLEGATIONS</u></b>

11.  Defendants have engaged in, and continue to engage in, a common course of wage and hour violations against their current and former employees in the State of California.

12.  Throughout the Class Period, Defendants have employed hundreds of current and former employees who worked in the State of California.

13.  Plaintiff's employment with Defendants began in or around 2013.  Plaintiff worked as

– 6 –<br>COMPLAINT

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

a carrier until in or around February 2014, and worked at Defendants' San Bernardino, California facility.  From in or around February 2014 to in or around August 2014, Plaintiff worked as a trainer in Defendants' San Bernardino, California facility.  From in or around August 2014, Plaintiff worked as a non-exempt assistant manager.  Plaintiff's employment with Defendants ended on or about June 4, 2018.  As an assistant manager, Plaintiff worked at Defendants' Irvine, California facility.

14.    As a carrier, Plaintiff's average work schedule was from approximately 6:00 a.m. to 4:30 p.m., approximately 4 days per week, and therefore, was entitled to at least one duty-free meal period each day that she worked.

15.    However, during her employment as a carrier, Plaintiff regularly did not receive duty-free meal periods and did not receive timely meal periods.

16.    On approximately two occasions per pay period during her employment as a carrier, when Plaintiff attempted to take a meal period, her managers interrupted her meal periods and instructed her to return to work because "[w]e need help [on the floor]," or words to that effect.  The San Bernardino warehouse experienced understaffing issues and a high volume of merchandise that needed to be offloaded in a timely manner and stored in the appropriate bins for customers to know whether the items were stocked.

17.    As a carrier, Plaintiff estimates that she was forced to work off-the-clock approximately 10 minutes on each occasion where Defendants interrupted her meal periods.

18.    In addition, on approximately 4 occasions per week, Plaintiff's meal periods were not timely, in that they occurred after the 5th hour of work.

19.    Also, on a few occasions during her employment as a carrier, Plaintiff worked in excess of 10 hours in a shift and was not provided with a second meal period.  Plaintiff was also not provided with premium payments in lieu of receiving a second meal period.

20.    During her employment as a trainer and an assistant manager, Defendants made it more difficult for Plaintiff and those similarly situated to have the opportunities to take meal periods, given issues regarding understaffing and a high demand to ensure that merchandise was offloaded in

a timely manner and stored in their appropriate bins.

21.     As a trainer, Plaintiff continued to not receive duty-free meal periods and, pursuant to Defendants' instructions, was required to clock out for a meal period, regardless of whether she took a meal period or not.  Plaintiff's managers stated to Plaintiff on multiple occasions that, if her time records did not show that they took a meal period, she could get written up.  Therefore, in order to avoid receiving any disciplinary actions, Plaintiff felt she had no choice but to clock out for a meal period, or for Defendants to adjust Plaintiff's time records to clock her out for a meal period.

22.     As an assistant manager, Plaintiff continued to not receive legally-compliant meal periods.  As an assistant manager, Plaintiff worked approximately 10 hours per day, 4 days per week.

23.     From in or around August 2014 to in or around October 2017, Plaintiff's work schedule was from approximately 6:00 a.m. to 4:30 p.m., 4 days per week.  From in or around October 2017 to the end of her employment, Plaintiff's work schedule changed to approximately 4:00 a.m. to 2:30 p.m., 4 days per week.

24.     Also, on approximately two occasions per pay period during her employment as an assistant manager, Plaintiff worked in excess of 10 hours in a shift and was not provided with a second meal period.  Plaintiff was also not provided with premium payments in lieu of receiving a second meal period.

25.     Furthermore, throughout Plaintiff's employment, Defendants (either Plaintiff's direct supervisor or Human Resources ("HR")) adjusted Plaintiff's time records to make it appear that Plaintiff was taking meal periods, or was taking timely meal periods.  The adjustments to Plaintiff's time records became more frequent during the peak season, from in or around August to December of each year.  For example, Defendants adjusted Plaintiff's time records to include a 30-minute meal period, even if Plaintiff had not taken a meal period.  Therefore, Plaintiff worked through her meal periods and was not compensated for that time.

26.     In addition, if Plaintiff had taken a meal period after the fifth hour of work and punched out for lunch at the accurate time, Defendants adjusted Plaintiff's time records to show that

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

– 8 –
COMPLAINT

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

the meal period occurred by the end of the fifth hour of work. Plaintiff's direct supervisor or Defendants' HR department told Plaintiff that they were adjusting her time records so that the company does not get "dinged," or words to that effect, for employees taking their meal period after the fifth hour of work.

27.    Defendants also adjusted Plaintiff's time records when her time records showed that her meal periods were less than 30 minutes, even if Plaintiff did not take a full 30-minute meal period.

28.    Plaintiff is also informed and believes that, on those occasions where she did not receive duty-free meal periods or timely meal periods as a carrier, Defendants did not pay her premium payments of one hour of pay at her full hourly rate of pay. Rather, to the extent that Defendants paid Plaintiff premium payments during her employment as a carrier, the hourly rate at which Defendants compensated Plaintiff was less than her regular hourly rate of pay.

29.    Plaintiff also did not receive duty-free rest periods during her employment. As a carrier, Plaintiff only received approximately one rest period per day and was not informed that she was entitled to receive two rest periods per day. Plaintiff also did not receive premium payments in lieu of not receiving a second 10-minute rest period.

30.    In addition, during Plaintiff's employment as a trainer and assistant manager, because of Defendants' understaffing policy and the pressure to offload merchandise and stow them in the proper bins on a timely basis, Plaintiff received breaks that were less than the required 10 minutes every four hours of work, of major fraction thereof. Rather, Plaintiff's breaks were approximately 3 minutes each, twice per day. Plaintiff also did not receive premium payments in lieu of not receiving her duty-free rest periods.

31.    Plaintiff reported violations regarding not receiving breaks to Defendants' HR, operations manager, and the site leader. She explained to Defendants that it was not fair that she and other employees were not getting lunches, or words to that effect. However, up until in or around January 2018, Defendants failed to take any corrective measures to provide Plaintiff and other employees the opportunities to take duty-free meal periods. Defendants also failed to take any

corrective measures throughout Plaintiff's employment to provide Plaintiff and other employees the opportunities to take duty-free rest periods.

32.    Throughout the Class Period, Defendants failed to provide accurate itemized wage statements to Plaintiff and members of the Class.

33.    Throughout the Class Period, Defendants failed to provide Plaintiff and other former employees all of the above-mentioned wages upon separation.

### IV.

### FIRST CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL AND REST PERIODS

(Against all Defendants and DOES 1-50, inclusive)

34.    Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated herein.

35.    No employer may require an employee to work during any meal or rest period that an IWC Wage Order mandates. [*8 Cal.C.Regs.* §11040 et seq.] An employer who fails to provide meal or rest periods must pay the employee one additional hour of pay at the employee's regular rate for each day that a meal or rest period was not provided. *Lab.C.* §226.7(c).

36.    *Labor Code* section 512, subdivision (a) states:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

37.    Defendants and each of them had a policy and practice of failing to provide first meal periods by the end of the fifth hour of work. Defendants and each of them also had a policy and practice of failing to provide duty-free meal periods. Further, Defendants and each of them had a policy and practice of failing to provide second meal periods when Plaintiff and other employees worked in excess of 10 hours in a shift. Defendants and each of them had a policy and practice of

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

– 10 –
COMPLAINT

EXHIBIT A, PAGE 32

failing to pay premium payments in lieu of providing duty-free meal periods.

38. Defendants and each of them also had a policy and practice of failing to provide duty-free rest periods to Plaintiff and the Class. Defendants and each of them had a policy and practice of failing to pay premium payments in lieu of providing duty-free rest periods.

39. By failing to provide meal periods and rest periods or one hour's wages in lieu of the meal period and rest period, Defendants willfully violated *Labor Code* sections 226.7 and 512, sections 11 and 12 of the *IWC Wage Orders*, and *Cal. Code Regs.*, Title 8, section 11040 et seq.

40. The right to meal and rest periods is a generally applicable labor standard that is not subject to waiver by agreement. *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal. App. 4th 1277, 1294.

41. By failing to keep adequate records as required by sections 226 and 1174(d) of the *Labor Code*, Defendants have injured Plaintiff and members of the Class and made it difficult to calculate the unpaid meal and rest period compensation due to Plaintiff and members of the Class.

42. As a result of the unlawful acts of Defendants, Plaintiff and members of the Class seek wages in amounts to be determined at trial, plus interest and penalties, attorney's fees and costs pursuant to *Labor Code* sections 203, 226, 226.7, and applicable IWC Wage Orders.

V.

## SECOND CAUSE OF ACTION FOR FAILURE TO PAY ALL EARNED WAGES AND OVERTIME

(Against Defendants and DOES 1-50, inclusive)

43. Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated herein.

44. At all relevant times, California *Labor Code* sections 204 and various applicable wage orders of the IWC were in full force and binding upon Defendants, and each of them, and required Defendants, and each of them, to pay Plaintiff and members of the Class the full amount of compensation for hours worked, including at regular, overtime, and double-time rates.

45. Pursuant to *Labor Code* section 204, all wages earned by employees in the state of

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90057

– 11 –
COMPLAINT

California are due and payable by their employer at least twice during each calendar month. *Labor Code* Section 218 authorizes an employee to sue directly for any unpaid wages or penalties owed.

46. *Labor Code* section 510, subdivision (a) provides in pertinent part,

> "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

47. "Hours worked" is defined as the time during which an employee is subject to an employer's control and includes all the time the employee is permitted to work, whether or not required to do so. Wage Order No. 5-2001, §2(K). The IWC Wage Orders define "employ" to mean "engage, suffer, or permit to work." 8 Cal. C. Regs. §11140, ¶(C), (F). The proprietor "suffers or permits" that work by failing to prevent it although having the power to do so: "(T)he basis of liability is the defendant's knowledge of and *failure to prevent* the work from occurring." *Martinez v. Combs* (2010) 49 Cal. 4th 35, 52-63.

48. Employees need only show that they have worked hours for which they were not compensated. The burden is *not* on the employees to prove the *precise extent* of uncompensated work. *Bell v. Farmers Ins. Exch.* (2004) 115 Cal. App. 4th 715, 747-748.

49. As set forth above, Defendants, and each of them, willfully failed to pay Plaintiff and members of the Class wages for each hour worked (including off-the-clock work), by failing to pay them at regular rates, as well as for overtime rates for hours worked in excess of 8 in a day, as well as at overtime rates for hours worked in excess of 40 hours in a week, as well as at double-time rates for hours worked in excess of 12 hours in a day, in violation of *Labor Code* section 510.

50. To date, Defendants have not fully compensated Plaintiff and members of the Class for the above mentioned period. Defendants, and each of them, also failed to pay all wages earned by the Class at the time of their separation, in violation of *Labor Code* Section 201.

51. As a result of the unlawful acts of Defendants, Plaintiff and members of the Class seek wages in amounts to be determined at trial, plus interest and penalties, attorney's fees and costs pursuant to *Labor Code* sections 201, 203, 204, 218.5, 218.6, 226, 1174(d) and applicable IWC

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A, CA 90067

1   Wage Orders.

2       52.    By failing to keep adequate records as required by sections 226 and 1174(d) of the

3   *Labor Code*, Defendants have injured Plaintiff and members of the Class and made it difficult to

4   calculate the compensation due to Plaintiff and members of the Class.

5                                          **VI.**

6       **THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCURATE WAGE**

7                                    **STATEMENTS**

8                         (Against all Defendants and DOES 1-50, inclusive)

9       53.    Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated

10  herein.

11      54. Pursuant to *Labor Code* §226 (a):

12          "Every employer shall, semimonthly or at the time of each payment of wages,
13          furnish each of his or her employees, either as a detachable part of the check,
            draft, or voucher paying the employee's wages, or separately when wages are
14          paid by personal check or cash, an accurate itemized statement in writing
            showing (1) gross wages earned, (2) total hours worked by the employee,
15          except for any employee whose compensation is solely based on a salary and
16          who is exempt from payment of overtime under subdivision (a) of Section 515
            or any applicable order of the Industrial Welfare Commission, (3) the number
17          of piece-rate units earned and any applicable piece rate if the employee is paid
            on a piece-rate basis, (4) all deductions, provided that all deductions made on
18          written orders of the employee may be aggregated and shown as one item, (5)
19          net wages earned, (6) the inclusive dates of the period for which the employee
            is paid, (7) the name of the employee and his or her social security number,
20          except that by January 1, 2008, only the last four digits of his or her social
            security number or an employee identification number other than a social
21          security number may be shown on the itemized statement, (8) the name and address of
22          the legal entity that is the employer, and (9) all applicable hourly rates in
            effect during the pay period and the corresponding number of hours worked at
23          each hourly rate by the employee..."

24      55.    At all relevant times, Defendants, and each of them, have violated the rights of

25  Plaintiff and members of the Class under *Labor Code* 226(a) by knowingly and intentionally failing

26  to provide them with written wage statements to accurately reflect the applicable hours worked as a

27  result of not providing Plaintiff and members of the Class with rest or meal periods, and failing to

·28 pay them for all hours worked, including at the appropriate regular, overtime, and double-time rates,

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

EXHIBIT A, PAGE 35

56.     By failing to keep adequate records as required by sections 226 and 1174(d) of the *Labor Code*, Defendants have injured Plaintiff and members of the Class and made it difficult to calculate the compensation due to Plaintiff and members of the Class.

57.     As a result of the unlawful acts of Defendants, Plaintiff and members of the Class seek wages in amounts to be determined at trial, plus interest and penalties, attorney's fees and costs pursuant to *Labor Code* sections 203, 204, 218, 226, 1174(d) and applicable IWC Wage Orders.

**VII.**

**FOURTH CAUSE OF ACTION FOR WAITING TIME PENALTIES**

(Against all Defendants and DOES 1-50, inclusive)

58.     Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated herein.

59.     During the relevant time period, Plaintiff and other former employees were employed by and thereafter terminated by or resigned from their positions with Defendants.  Defendants, however, willfully failed to pay Plaintiff and other former employees all wages owed them (i.e., premium payments for not receiving meal or rest periods, as well as wages for all hours worked off-the-clock), and failed to pay Plaintiff and other former employees within the time limits set forth in California *Labor Code* sections 201 and 202.

60.     Under *Labor Code* sections 201, 202, and 203, Plaintiff and those Class members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment, including attorney fees and cost of suit.

**VIII.**

**FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES**

**[Business and Professions Code §17200]**

(Against all Defendants and DOES 1-50, inclusive)

61.     Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated herein.

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

– 14 –
COMPLAINT

**EXHIBIT A, PAGE 36**

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A, CA 90067

62.     California <u>Business & Professions Code</u> Section 17200 defines unfair competition to include "any unlawful, unfair or fraudulent business act or practice..."

63.     California <u>Business & Professions Code</u> Section 17203 provides that "[t]he court may make such orders or judgments ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

64.     Defendants have engaged in acts of unfair competition as defined in Bus. & Profs Code §§17200, *et seq.*, by engaging in the acts and practices alleged herein.

65.     California *Labor Code* section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

66.     Plaintiff is informed and believes and, on that basis, alleges, that the unlawful, unfair and/or fraudulent practices alleged herein are based upon a policy or practice that is continuing in nature.  Specifically, Defendants, and each of them, have engaged, continue to engage, and will continue to engage in a pattern and practice of:

    a.     Defendants' failure to provide meal periods or premium payments in lieu thereof;

    b.     Defendants' failure to provide rest periods or premium payments in lieu thereof;

    c.     Defendants' failure to pay Plaintiff and the Class for all hours worked, including at the appropriate regular, overtime, and double-time rates;

    d.     Defendants' failure to keep and provide accurate wage statements; and

    e.     Defendants' failure to provide all wages upon separation of employment to Plaintiff and other former employees.

67.     As a direct and proximate result of these unlawful and unfair practices, Plaintiff and

EXHIBIT A, PAGE 37

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

1  members of the Class have suffered injury in fact and lost income in that Defendants have become

2  unjustly enriched by the savings in salaries, benefits, and other employment prerequisites that

3  Plaintiff and members of the Class would otherwise have earned but for the aforesaid unfair business

4  practices. Defendants should be made to disgorge and make restitution of and restore all ill-gotten

5  gains attributable to these acts and practices to Plaintiff and members of the Class.

6  68.    Under the *Business & Professions Code* Section 17203, Plaintiff and members of the

7  Class are entitled to obtain restitution of these funds for Defendants' unfair business practices as

8  enumerated herein.

9  69.    Pursuant to *Business & Professions* Code Section 17203, injunctive relief is necessary

10  to prevent Defendants from continuing to engage in the unfair business practices as alleged herein.

11  Plaintiff is informed and believes that Defendants, and persons acting in concert with them, have

12  committed and will continue to commit the above unlawful acts unless restrained or enjoined by this

13  Court. Unless the relief prayed for below is granted, a multiplicity of actions will results. Plaintiff

14  and members of the Class have no plain, speedy, or adequate remedy at law, in that pecuniary

15  compensation would not afford adequate and complete relief. The above-described acts will cause

16  great and irreparable damage to the Plaintiff and members of the Class unless Defendants are

17  restrained from committing further illegal acts.

18  **PRAYER FOR RELIEF**

19  WHEREFORE, Plaintiff prays judgment against Defendants as follows:

20  1.  For all actual, consequential and incidental financial losses, including without limitation

21  loss of salary and benefits, together with prejudgment interest, according to proof;

22  2.  For compensatory and general damages in an amount according to proof;

23  3.  For Attorney's fees;

24  4.  For premium pay, wages, and penalties pursuant to *Labor Code* section 203 and other

25  statutes;

26  5.  For actual damages or penalties pursuant to *Labor Code* section 226 and other statutes;

27  6.  For compensation pursuant to *Labor Code* section 226.7 and other statutes;

28

7. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

8. Costs of suit;

9. For Injunctive Relief, Disgorgement of profits, and Restitution; and

10. Such other and further relief as the court deems proper.

Dated: June 29, 2018

THE LAW OFFICE OF OMID NOSRATI

By: _____
OMID NOSRATI
Attorney for Plaintiffs,
ANDREA NOFLIN and the CLASS

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial as provided by §631 of the California Code of Civil Procedure.

Dated: June 29, 2018

THE LAW OFFICE OF OMID NOSRATI

By: _____
OMID NOSRATI
Attorney for Plaintiffs,
ANDREA NOFLIN and the CLASS

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90057

– 17 –
COMPLAINT

EXHIBIT A, PAGE 39